# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

EDDIE S. BELL,

    Petitioner,

v.                                            Case No. 08-13389
                                                       Hon. Lawrence P. Zatkoff

L. C. EICHENLAUB,

    Respondent.
_____/

## OPINION AND ORDER DISMISSING HABEAS CORPUS PETITION

**I. Introduction**

    This matter is pending before the Court on Petitioner Eddie S. Bell's habeas corpus petition under 28 U.S.C. § 2241. Petitioner is an inmate at the Federal Correctional Institution in Milan, Michigan. In 2004, he was convicted in the Western District of Missouri of being a felon in possession of a firearm. *See* 28 U.S.C. §§ 922(g)(1) and 924(a)(2). He was sentenced to 100 months in prison and three years of supervised release. The United States Court of Appeals for the Eighth Circuit affirmed Petitioner's sentence after concluding that the District Court properly determined that Petitioner's prior conviction for burglary of a commercial building was a crime of violence. *See United States v. Bell*, 445 F.3d 1086 (8th Cir. 2006).

    On March 8, 2007, Petitioner filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255. He alleged, among other things, that his prior conviction for burglary of a commercial dwelling was not a crime of violence and, therefore, the sentencing guidelines were improperly scored. The trial court denied Petitioner's motion, noting that the Court of Appeals had already decided the issue regarding Petitioner's prior conviction. *See Bell v. United States*, No. 4:07-cv-00191, 2007 WL

2404790 (W.D. Mo. Aug. 17, 2007). Both the District Court and the United States Court of Appeals for the Eighth Circuit denied a certificate of appealability.

Petitioner filed his habeas petition on August 5, 2008. He alleges that the trial court incorrectly classified his prior state conviction for second-degree burglary of a commercial building as a crime of violence and, as a result, wrongfully enhanced his federal sentence. He urges the Court to conclude that burglary of a non-dwelling is not *per se* a crime of violence and, therefore, his sentence violates due process and the Eighth Amendment to the United States Constitution. Respondent argues in an answer to the habeas petition that the remedy under 28 U.S.C. § 2255 is not inadequate or ineffective to test the legality of Petitioner's detention and, therefore, he has no right to relief under 28 U.S.C. § 2241.

## II. Discussion

Petitioner is attacking his federal sentence. The primary remedy for a federal prisoner who is protesting the legality of his sentence is to file a motion to vacate sentence under 28 U.S.C. § 2255. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). "Typically, a federal prisoner may file a § 2241 petition contesting the legality of his detention only if his claim is such that he cannot obtain effective relief on direct appeal or through a § 2255 motion." *Garcia-Echaverria v. United States*, 376 F.3d 507, 510 (6th Cir. 2004). The petitioner must demonstrate that the remedy by motion under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

Petitioner alleges that he has never had an unobstructed opportunity to present his claim to the courts and that his rights to a meaningful direct appeal or adequate post-conviction proceedings were lost because the law is firmly set against him. He asserts that the trial court did not address the

merits of his claim and that the Court of Appeals for the Eighth Circuit either cannot, or will not, revisit the issue.

The remedy under § 2255 is not "inadequate or ineffective" simply because a previous motion under § 2255 was denied or because the petitioner is procedurally barred from pursuing relief under § 2255. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). Furthermore, the trial court and the Court of Appeals for the Eighth Circuit have already adjudicated Petitioner's claim. Only the court which imposed the sentence may vacate, set aside, or correct the sentence, 28 U.S.C. § 2255(a), and only the courts of appeal have jurisdiction of appeals from final decisions of the federal district courts. 28 U.S.C. § 1291.

This Court has no jurisdiction to address Petitioner's claims. Accordingly, IT IS ORDERED that Petitioner's habeas corpus petition is DISMISSED without prejudice.

IT IS SO ORDERED.

                                       S/Lawrence P. Zatkoff
                                       LAWRENCE P. ZATKOFF
                                       UNITED STATES DISTRICT JUDGE

Dated: October 29, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 29, 2008.

                                       S/Marie E. Verlinde
                                       Case Manager
                                       (810) 984-3290